**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| DARIEN FROESS, Individually and on Behalf of All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>  v.<br><br>CARDLYTICS, INC., KARIM TEMSAMANI, and ALEXIS DESIENO,<br><br>                 Defendants. | Case No. 1:25-cv-00279-MHC<br><br>CLASS ACTION |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND THE DEADLINE TO RESPOND TO MOTION TO DISMISS**

Citing no decision where a court has granted the relief Plaintiff requests on an opposed motion, Plaintiff asks for at least a two-month[1] extension to respond to Defendants' Motion to Dismiss (ECF 10). Plaintiff, however, has not shown the requisite good cause, and delay prejudices Defendants with continuing reputational damage as they stand wrongly accused of securities fraud. Indeed, when faced with the exact same request in another securities case to delay the response until after a

---

[1] Plaintiff asks that the time to respond be extended until after a lead plaintiff is appointed. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B), the lead plaintiff decision is due by April 24, 2025.

1

lead plaintiff is appointed, at least one court has denied the request and ordered plaintiff to respond to the motion to dismiss. *See Hall v. Nobilis Health Corp., et al.*, No. 4:15-cv-3098 (S.D. Tex.), ECF Nos. 9, 11 (a copy of defendants' opposition and the court's order are attached hereto as Exhibits A and B for the Court's convenience). Defendants Cardlytics, Inc. ("Cardlytics"), Karim Temsamani, and Alexis DeSieno (with Cardlytics, "Defendants") ask for the same relief here for the reasons set forth below.

## BACKGROUND

On January 22, 2025, Plaintiff filed a putative class action complaint against Defendants for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5. *See* ECF 1. Plaintiff has no basis whatsoever for the allegations that Defendants made false or misleading public statements that artificially inflated the value of Cardlytics' stock, thus injuring Plaintiff and the putative class members. *See id.*

Defendants timely moved to dismiss Plaintiff's complaint on February 13, 2025. ECF 10. As explained in Defendants' Motion to Dismiss, Plaintiff's complaint does not even attempt to meet the pleading requirements of Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4. *See* ECF 10. Plaintiff does not plead a single particularized fact demonstrating that Defendants made any false or misleading statements, let alone

2

that Defendants acted with the requisite strong inference of scienter. *See id.* Nor does Plaintiff adequately allege that the challenged statements caused his purported losses. *See id.* As explained in the Motion to Dismiss, no fraud exists here. To the contrary, Cardlytics observed an unexpected increase in Consumer Incentives in Q1 2024, notified its investors of the development at the first available opportunity (*i.e.*, with its Q1 2024 disclosures), and explicitly warned investors that the issue would persist in Q2 2024. *See id.* Defendants have every right to clear their names and to do so as quickly as possible.

Plaintiff's response to Defendants' motion was initially due on February 27. *See* L.R. 7.1(B). On February 14, Plaintiff moved the Court to extend his response deadline until "after a lead plaintiff has been appointed to represent the putative class." ECF 14 at 2. Specifically, Plaintiff contends that requiring him to defend his own complaint is "inconsistent with the PSLRA." *Id.* at 4. For the reasons set forth below, Plaintiff's arguments should be rejected and the motion denied.

## ARGUMENT

Federal Rule of Civil Procedure 6(b) permits a district court to extend a filing deadline "for good cause." Fed. R. Civ. 6(b)(1)(A). In considering whether to grant a party's extension request before the deadline at issue has expired, "the absence of prejudice to the nonmoving party and the interest of efficient judicial administration" are to be accorded "primary importance." *Cheney v. Anchor Glass Container Corp.*,

71 F.3d 848, 850 (11th Cir. 1996). Plaintiff has not demonstrated any good cause for extending the response deadline. And even if Plaintiff could make such a showing, the requested extension would prejudice Defendants and frustrate the efficient resolution of this case. Each day Plaintiff's frivolous lawsuit remains pending on the docket, Defendants suffer adverse impacts to their respective reputations.

**A. Plaintiff Fails to Demonstrate Good Cause for the Extension.**

Plaintiff's motion does not even mention Rule 6(b) or the good cause standard which governs his request. *See* ECF 14. Instead, Plaintiff argues that requiring him to defend his complaint before a lead plaintiff is appointed is somehow "inconsistent with the PSLRA." *Id.* at 4. But nothing in the PSLRA requires defendants in securities cases to sit idly during the lead plaintiff process. Defendants have every right to move to dismiss first-filed complaints that accuse them of fraud, especially ones that are as deficient as Plaintiff's pleading here. The Court also has every right to consider such motions before appointing a lead plaintiff. The only stay created by the PSLRA—the automatic stay of discovery after a motion to dismiss is filed—is designed to protect defendants, not plaintiffs seeking to avoid responsibility for their own deficient filings.

Plaintiff chose to sue Defendants for securities fraud in federal court. If Plaintiff is unwilling to stand behind his complaint, then he should not have filed it in the first place. The PSLRA requires the dismissal of "any private action" that fails

to meet its heightened pleading standards. 15 U.S.C. § 78u-4(b)(3)(A). No exception exists for "placeholder" complaints filed before the appointment of a lead plaintiff. Contrary to Plaintiff's suggestions, all complaints alleging securities fraud, including facially deficient ones, have negative consequences for defendants. This is especially true for smaller, emerging companies such as Cardlytics. If anything, Defendants' motion is perfectly consistent with the PSLRA, which Congress passed with the express purpose of curbing abusive lawsuits such as this. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 313 (2007); *see also* 15 U.S.C. § 78u-4(c)(1) ("[T]he court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to **any** complaint, responsive pleading, or dispositive motion.") (emphasis added).

The prospect of another lead plaintiff is not a sufficient reason to extend Plaintiff's response deadline. *See* ECF 14 at 4. Though it is theoretically possible that another plaintiff could step forward before the March 25 deadline, Plaintiff has provided zero indication that this is likely to occur. As it currently stands, the parties are already halfway through lead plaintiff notice period. No other plaintiffs have come forward and no similar lawsuits have been filed.

Moreover, stipulations made between parties in other securities fraud cases are completely irrelevant to this Court's analysis. *See* EFC 14 at 4 ("[P]arties in

similar actions typically stipulate that no response to the complaint shall be due until after a lead plaintiff is appointed.") (citing *Oklahoma Firefighters Pension & Ret. Sys. v. Xerox Corp.*, 300 F. Supp. 3d 551, 563 (S.D.N.Y. 2018)). Each lawsuit comes with its own set of unique circumstances and considerations. In <u>this</u> case, Plaintiff chose to file a lackluster complaint riddled with unsupported accusations. Defendants, in turn, responded by moving for dismissal within the period allotted under the federal rules, and in the absence of any competing lead plaintiff motions. Those are the facts on which this Court must rule.

### B. Any Extension Will Prejudice Defendants and Delay the Efficient Resolution of This Case.

Even if Plaintiff had met the good cause showing (he has not), the Court should exercise its discretion to deny Plaintiff's request because it would prejudice Defendants and delay the efficient resolution of this case.

Under the PSLRA, the Court has 90 days from Plaintiff's published notice to make its lead plaintiff selection. 15 U.S.C. § 78u–4(a)(3). Thus, if the Court grants Plaintiff's extension request, a short period after April 24 would be the absolute earliest date for Plaintiff to respond to Defendants' Motion to Dismiss. This delay of at least two months, and likely more, will prejudice Defendants, who have been falsely accused of defrauding investors.

Plaintiff's requested extension will also delay the efficient resolution of this case. Rule 1 commands that courts administer the Federal Rules of Civil Procedure

"to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The Motion to Dismiss makes clear that no claim against Defendants could survive the exacting mandates of Rule 9(b) and the PSLRA. Delaying the inevitable will serve only to waste the resources of the parties and the Court. It will also leave the door open for the same abuse in the future—*i.e.*, allowing plaintiffs to file facially deficient complaints that they never have to answer for, and requiring defendants to sit on the sidelines for months while being accused of securities fraud.

As noted at the outset, based on these same concerns, at least one other district court has denied a plaintiff's request to delay their dismissal response until after the appointment of lead plaintiff. *See Hall*, ECF Nos. 9, 11 (attached hereto as Exhibits A and B). This Court should do the same. The quicker Plaintiff must answer for his deficient pleading, the quicker Defendants may be cleared of Plaintiff's unsupported fraud accusations.

## CONCLUSION

For these reasons, Plaintiff's request to extend his response deadline should be denied.

Dated: February 19, 2025.

/s/ *Lisa R. Bugni*
Lisa R. Bugni
Ga. Bar No. 143077
Jessica P. Corley
Ga. Bar No. 572733
Brandon R. Keel

7

Ga. Bar No. 300303
Logan Hobson
Ga. Bar No. 341501
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: 404-572-4600
Facsimile: 404-572-5100
lbugni@kslaw.com
jpcorley@kslaw.com
bkeel@kslaw.com
lhobson@kslaw.com

*Counsel for Defendants*

8

## <u>RULE 7.1(D) CERTIFICATION</u>

The undersigned counsel certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C).

<u>*/s/ Lisa R. Bugni*</u>
Lisa R. Bugni
Ga. Bar No. 143077

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 19th day of February, 2025 a copy of the foregoing was filed and served using the Court's CM/ECF system, which will send notification of such filing to ECF registered participants.

/s/ Lisa R. Bugni
Lisa R. Bugni
Ga. Bar No. 143077

*Counsel for Defendants*