# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| SHAWN M. HALL, Individually and On Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | Case No. 4:15-CV-3098 |
| v. | § § | |
| NOBILIS HEALTH CORP., CHRISTOPHER H. LLOYD, and KENNETH J. KLEIN | § § § § | |
| Defendants. | § § § | Judge Keith P. Ellison |

---

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR**
**EXTENSION OF TIME TO RESPOND TO THE MOTION TO DISMISS**

---

Defendants Nobilis Health Corp. ("Nobilis"), Chris Lloyd, and Ken Klein respectfully submit this opposition to Plaintiff Shawn Hall's Motion for Extension of Time to Respond to Defendants' Motion to Dismiss. Plaintiff argues that he should not have to respond to Defendants' motion within the ordinary timeframe set by the Federal Rules of Civil Procedure because the Private Securities Litigation Reform Act ("PSLRA") gives other plaintiffs until December 21 to move this Court to appoint them Lead Plaintiff. "Whichever party is ultimately appointed Lead Plaintiff," Plaintiff speculates, "will likely file a consolidated amended complaint which will supersede the present complaint and render moot Defendants' pending motion to dismiss." Mot. at 3.

The Court should deny Plaintiff's motion because:

536866.1

1. Plaintiff has not shown good cause to extend his deadline to respond to the motion to dismiss. Plaintiff's purported good cause is a hypothetical future dispute over selection of a lead plaintiff, but whether any other plaintiffs will emerge, much less seek lead plaintiff status, is speculative. Notably, Plaintiff does not cite any other securities-fraud case that has been filed against Defendants, and Defendants are aware of none.

2. Extending time for Plaintiff to respond would prejudice Defendants. The existence of a "bet the company" securities-fraud class action negatively impacts Nobilis's ability to conduct its business. And prolonging this case is particularly unwarranted, because Congress enacted the PSLRA to stop this kind of knee-jerk lawsuit. Filed eleven days after a short seller posted a critical blog aimed at causing Nobilis's stock price to fall, Plaintiff's threadbare complaint relies solely on cut-and-paste excerpts from the blog as its factual basis and does not come close to satisfying the strict pleading standards for securities fraud. Plaintiff's lawsuit, and its attempt to delay responding to Defendants' straightforward motion to dismiss, is designed to put Nobilis at risk and force a settlement based on the risk outweighing the costs of defense.

### BACKGROUND

On October 21, 2015, Plaintiff filed a class-action complaint against Nobilis, Chief Executive Officer Chris Lloyd, and Chief Financial Officer Ken Klein, asserting violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5. Relying entirely on a blog post by an anonymous short seller whose purpose was to tank Nobilis's stock price, Plaintiff alleged that Defendants made false or misleading public statements that artificially inflated the value of Nobilis's stock, and that Plaintiff was damaged when the blogger's post caused Nobilis's stock price to fall.

On November 9, Defendants timely moved to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Citing the well-established heightened pleading standards that govern securities-fraud cases under Federal Rule of Civil Procedure 9(b) and the PSLRA, Defendants argued that Plaintiff had failed to plead facts showing that Defendants made any false or misleading statements, much less that Defendants had the scienter necessary to establish fraud.

Plaintiff's response to the motion to dismiss is due on November 30.  On November 17, Plaintiff moved this Court to extend the deadline for Plaintiff's response to the motion to dismiss "until after the Court has appointed a Lead Plaintiff."  Mot. at 3.

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 6(b) permits a district court to extend a filing deadline "for good cause."  FED. R. CIV. P. 6(b)(1)(A).  "[E]ven if a party demonstrates good cause," however, "a district court is not required to grant a motion to extend time."  *Ott v. Fed. Home Loan Mortgage Corp.*, 535 F. App'x 488, 489 (6th Cir. 2013).  Whether to extend the ordinary deadlines of civil procedure is a matter committed to the district court's sound discretion. *McCarty v. Thaler*, 376 F. App'x 442, 443 (5th Cir. 2010); *see also Ott*, 535 F. App'x at 489 ("[T]he plain language of the rule demonstrates that the good cause standard in the rule is discretionary[.]").

Importantly, a district court's discretion should "be employed to achieve the 'just, speedy, and inexpensive determination of every action' as required by Rule 1."  4B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, ET AL., FED. PRAC. & PROC. CIV. § 1165 (3d ed. 2004); *see also Osburg Const. Co. v. United States*, 3 Cl. Ct. 652, 655 (1983); *Rankin v. City of Niagara Falls*, 293 F.R.D. 375, 390 (W.D.N.Y. 2013), *aff'd sub nom. Rankin v. City of Niagara Falls, Dep't of Pub. Works*, 569 F. App'x 25 (2d Cir. 2014) (citations omitted).  Accordingly, "prejudice [to] the adverse party" counsels against extension of a filing deadline.  4B FED. PRAC. & PROC. CIV. § 1165; *see also* Mot. at 2 (Plaintiff conceding that prejudice to the adverse party militates against an extension).

### ARGUMENT

Nothing prevents a court from considering a defendant's timely motion to dismiss a frivolous, inadequately pleaded securities-fraud complaint before the time for other plaintiffs to

emerge expires. Plaintiff has not demonstrated good cause for extending his deadline to respond to Defendants' motion to dismiss. But even if he had, an extension would prejudice Defendants. For either of these reasons, the Court should deny Plaintiff's motion for extension and require Plaintiff to respond to Defendants' motion to dismiss within the ordinary time limit.

**I.      That "this Court has not yet appointed a Lead Plaintiff" is not good cause for an extension because it is entirely speculative that other plaintiffs will emerge, much less seek lead plaintiff status.**

When Plaintiff filed his class-action complaint on October 21, 2015, he published notice of the lawsuit via a business-oriented wire service.[1] Members of the purported class are permitted to move the Court for appointment as lead plaintiff within 60 days of that notice and may seek consolidation if they have filed a separate lawsuit. *See* 15 U.S.C. § 78u–4(a)(3). Because "this Court has not yet appointed a Lead Plaintiff," Plaintiff argues that good cause exists to extend his deadline for responding to Defendants' motion to dismiss. Mot. at 2.

A hypothetical lead plaintiff determination is not good cause to extend Plaintiff's filing deadline because it is speculative. Plaintiff's motion to extend assumes that a competing lead plaintiff will surface at some point. But Plaintiff has not even attempted to demonstrate that such a development is likely. Indeed, over a month has passed since Plaintiff's published notice, yet no other class members have appeared and no other securities-fraud claims have been filed against the Defendants. Plaintiff's speculation about a hoped-for future development that no evidence shows is likely does not constitute good cause to extend his filing deadline. *Cf. Uzomba v. Bexar Cty.*, No. SA-14-CA-372, 2014 WL 3919573, at *1 (W.D. Tex. Aug. 8, 2014) (denying Rule 6(b) pre-deadline motion to extend because movant's alleged good cause was "too speculative").

---

[1] *See Pomerantz Law Firm Announces the Filing of a Class Action Against Nobilis Health Corp. and Certain Officers–HLTH*, http://finance.yahoo.com/news/pomerantz-law-firm-announces-filing-155636133.html (last visited Nov. 19, 2015).

There is no basis for Plaintiff's contention that courts typically extend response times to a securities-fraud defendant's pending motion to dismiss when a lead plaintiff has not been designated. As an initial matter, Plaintiff does not cite a single case as evidence of this "routine" practice. Mot. at 2. Instead, he cites the Manual for Complex Litigation's statement that "[i]mmediately after assignment of the litigation, the judge should consider entering an order suspending the time for all defendants to respond to the complaint in cases where a motion to consolidate is pending or a lead plaintiff has not been selected." *Id.* (quoting § 31.4 (4th ed. 2004)). But nothing in this statement suggests that there is good cause to postpone the *plaintiff's* response deadline when the defendant has *already filed* a motion to dismiss and *there is no* competing plaintiff seeking consolidation or lead plaintiff status.

## II. An extension prejudices Defendants because the continued pendency of a frivolous securities-fraud suit harms Nobilis's business.

Plaintiff has not demonstrated good cause to modify the ordinary filing deadlines of civil procedure based on a hypothetical future competition over lead plaintiff status. But even if he had, the Court should exercise its discretion to deny the extension because it would prejudice the Defendants.

Plaintiff argues that he should not have to respond to Defendants' motion to dismiss until "after the Court has appointed a Lead Plaintiff" (Mot. at 3), a determination that could occur as late as the end of March 2016.[2] Plaintiff then proposes 45 additional days for the filing of a new complaint, and the scheduling of a new motion to dismiss, before he or anyone else must justify these baseless fraud allegations against Nobilis that rely solely on a short-seller's blog claims. And even if a lead plaintiff never emerges, Plaintiff wants his lawsuit to hang over Nobilis's head for at least another month until the deadline for seeking lead plaintiff status expires.

---

[2] Under the PSLRA, a court has 90 days to resolve a motion for lead plaintiff status made within 60 days from public notice of the lawsuit, and longer if plaintiffs seek consolidation of separate suits. 15 U.S.C. § 78u–4(a)(3).

5

Contrary to Plaintiff's one-sentence declaration that an extension works no prejudice here (Mot. at 3), postponing Plaintiff's response to and the resolution of Defendants' motion to dismiss harms Nobilis's business interests and undermines the "just, speedy, and inexpensive determination" of this action as required by Rule 1. First, Plaintiff's frivolous lawsuit lends undue credence to a short seller's price-depressing blog that discourages investors. The sooner this factually-unsupported case is dismissed, the sooner investors will look at the realities of Nobilis's business rather than the effect of attacks on the stock price.

Second, Plaintiff's baseless suit jeopardizes Nobilis's potential mergers and acquisitions. Potential partners understandably fear affiliating with a company under the shadow of a class-action securities-fraud lawsuit which, as the bar notifies the public too often, are "bet the company" cases. And such suits cause uncertainty in the stock market that makes it difficult to access capital markets to raise additional capital, if needed, through new stock offerings. In other words, many large business opportunities for Nobilis may be put on hold or lost altogether pending disposition of this suit.

## CONCLUSION

There is no good cause for extending Plaintiff's response to the motion to dismiss where he has not even attempted to establish that a future lead plaintiff determination is likely. And allowing Plaintiff to indefinitely delay responding to Defendants' motion unjustly prejudices Nobilis's business. For either of these reasons, this Court should deny Plaintiff's Motion for Extension of Time to Respond to Defendants' Motion to Dismiss. If the Court decides some extension is merited, the Court should not extend the delay in the response date beyond December 21, the deadline for other plaintiffs to move for lead plaintiff status.

Respectfully submitted,

SMYSER KAPLAN & VESELKA, LLP


By: */s/Craig Smyser*
    Craig Smyser, Attorney-in-Charge
    State Bar No. 18777575
    Ty Doyle
    State Bar No. 24072075
    Michelle S. Stratton
    State Bar No. 24085606
    700 Louisiana, Suite 2300
    Houston, Texas 77002
    Telephone No. (713) 221-2330
    Fascimile No. (713) 221-2320
    csmyser@skv.com
    tydoyle@skv.com
    mstratton@skv.com


*Attorneys for Defendants Nobilis Health Corp., Christopher H. Lloyd, and Kenneth J. Klein*

Dated: November 24, 2015


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing instrument has been delivered to all counsel of record on this 24th day of November, 2015 via the Court's CM/ECF filing system.

          */s/Craig Smyser*
          Craig Smyser

7