**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |
|---|---|
| **DARIEN FROESS, Individually and on Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CARDLYTICS, INC., KARIM TEMSAMANI, and ALEXIS DESIENO,**<br><br>**Defendants.** | **CIVIL ACTION FILE**<br><br>**NO. 1:25-CV-279-MHC** |

## ORDER

Before the Court is Plaintiff Darien Froess's Motion to Extend Plaintiff's Deadline to Respond to Defendants' Motion to Dismiss ("Pl.'s Mot.") [Doc. 14]. Plaintiff asks this Court to extend Plaintiffs' deadline to respond to Defendants' Motion to Dismiss "to a date determined by the Court after a lead plaintiff is appointed pursuant to the [Private Securities Litigation Reform Act of 1995 ('PSLRA'), 15 U.S.C. § 78u-4 et seq.]."[1] Plaintiff contends that a lead plaintiff has

---

[1] Defendant filed the Motion to Dismiss [Doc. 10] on February 13, 2025, and the original deadline for Plaintiff to respond to the motion was February 27, 2025. See LR 7.1B, NDGa. The Court issued an Order staying the deadline until further

yet to be appointed in this case, and "decisions regarding the response to [Defendants' Motion] should be left to the Court-appointed lead plaintiff." Id. at 3.

Defendants oppose Plaintiff's Motion. See Defs.' Resp. in Opp'n to Pl.'s Mot. ("Defs.' Resp.") [Doc. 16]. Defendants argue that Plaintiffs fail to demonstrate good cause for extending the deadline. Defendants represent that "[n]o other plaintiffs have come forward and no similar lawsuits have been filed," despite the parties being "halfway through lead plaintiff notice period." Defs.' Resp. at 5. Defendants also argue that the extension would prejudice Defendants and delay the efficient resolution of this case. Id. at 6-7.

The Court agrees with Defendants. Rule 6 of the Federal Rules of Civil Procedure provides, in pertinent part, "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . ." FED. R. CIV. P. 6(b)(1)(A). In his Motion, Plaintiff relies on (1) the fact that parties "typically stipulate" to extended deadlines for responses to complaints in cases alleging securities fraud until a lead plaintiff is appointed; (2) Plaintiff's representation that he may or may not be appointed lead plaintiff upon expiration of the notice period; and (3) that this unknown lead plaintiff may want to either respond to Defendants'

---

order of this Court following the resolution of Plaintiff's Motion. Feb. 18, 2025, Order [Doc. 15].

Motion to Dismiss or file an amended complaint.  See generally Pl.'s Mot.  The Court finds that these reasons do not constitute good cause to extend the deadline for Plaintiff's response, especially in light of Defendants' opposition.

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion to Extend Plaintiff's Deadline to Respond to Defendants' Motion to Dismiss [Doc. 14] is **DENIED**.  Plaintiff shall file his response to Defendants' Motion to Dismiss [Doc. 10] within seven (7) days of the date of this Order.

**IT IS SO ORDERED** this 4th day of March, 2025.

_____
MARK H. COHEN
United States District Judge

3